NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0995n.06

No. 11-5473

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Sep 07, 2012*
DEBORAH S. HUNT, Clerk

CRANSTON REID,                                          )
                                                       )
    *Plaintiff-Appellant,*                               )
                                                       )
    v.                                                 )   ON APPEAL FROM THE
                                                       )   UNITED STATES DISTRICT
                                                       )   COURT FOR THE WESTERN
**GERALD BAKER, ROBERT B. CARTER,**                    )   DISTRICT OF TENNESSEE
**SIMON F. COOPER, MARK A. EMKES,**                    )
**J. KENNETH GLASS, FRANK J. GUSMUS, JR.,**            )
**JAMES A. HASLAM, III, D. BRYAN JORDAN,**             )        **O P I N I O N**
**R. BRAD MARTIN, VICKI R. PALMER, COLIN**             )
**V. REED, MICHAEL D. ROSE, WILLIAM B.**               )
**SANSOM, AND LUKE YANCY, III,**                       )
                                                       )
    *Defendants-Appellees,*                             )
                                                       )
**FIRST HORIZON NATIONAL CORPORATION,**                )
                                                       )
    *Intervenor-Appellee.*                              )


BEFORE:  COLE and BOGGS, Circuit Judges; and OLIVER, Chief District Judge.[*]

    **SOLOMON OLIVER, JR., Chief District Judge.**  Plaintiff-Appellant, Cranston Reid,

appeals from the dismissal of his claims filed derivatively on behalf of Intervenor-Appellee First

Horizon National Corporation ("First Horizon") against Defendants-Appellees Gerald L. Baker,

Robert B. Carter, Simon F. Cooper, Mark A. Emkes, J. Kenneth Glass, Frank J. Gusmus, Jr., James

A. Haslam, III, D. Bryan Jordan, R. Brad Martin, Vicki R. Palmer, Colin V. Reed, Michael D. Rose,

---

[*] The Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

William B. Sansom, and Luke Yancy, III. The United States District Court for the Western District of Tennessee dismissed Reid's claims against Defendants for failure to state a claim upon which relief could be granted. For the reasons stated below, we **AFFIRM** the decision of the district court.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 2, 2010, Plaintiff filed a shareholder derivative action on behalf of First Horizon in the United States District Court for the Western District of Tennessee against Defendants. His Complaint asserted the following five claims against each Defendant: (1) intentional breach of fiduciary duty; (2) aiding and abetting a breach of fiduciary duty; (3) abuse of control; (4) gross mismanagement; and (5) unjust enrichment. Plaintiff alleged the facts set out below in support of all claims.

The Complaint asserted that Defendants engaged in aggressive, high-risk lending practices, causing First Horizon to originate financially unsafe subprime mortgage loans, second lien mortgage loans, home equity loans, home construction loans to individuals, and commercial construction loans to single-family home builders. Plaintiff maintained that First Horizon's Credit Policy and Executive Committee, which included some of the named Defendants, commenced this practice in 2004 by implementing new underwriting guidelines. Plaintiff further maintained that the new policy allowed First Horizon to lend to high-risk borrowers, and resulted in loans that fell below the standards for the sale of loans on the secondary market and/or did not conform to guidelines for federally insured mortgages. Plaintiff also stated that, while Defendants publicly acknowledged the inherent risks in First Horizon's new lending policies, Defendants did not undertake measures to control the new risks.

Plaintiff alleged that Defendants engaged in practices that failed to protect First Horizon's interests. For example, loan officers employed by First Horizon Home Loans ("FHHL"), a First Horizon subsidiary, engaged in deceptive lending practices by falsifying borrower information to circumvent federal regulations regarding the creditworthiness of the borrower, paying off the debts of borrowers, and advancing funds to relatives of borrowers who would, in turn, give the money to the borrower. Consequently, FHHL was named a defendant in two lawsuits filed in federal district courts, a 2006 Pennsylvania case and a 2010 Texas case. Plaintiff maintained that at least five Defendants knew or should have known, by virtue of their position with First Horizon, of the existence of these practices, but each failed to protect First Horizon's interests.

Plaintiff also alleged that Defendants further ignored guidelines published by federal agencies concerning how to manage the risk associated with certain home loan products and by failing to properly manage the risk. Furthermore, Defendants' concealment and misrepresentation of First Horizon's increased risks failed to conform with the principles recognized by the accounting profession, which define generally accepted accounting practices. For example, from 2005 through 2009, Defendants represented in First Horizon's SEC filing, Form 10-K, that First Horizon was unlikely to incur massive loan losses, and if any losses were incurred, they would likely be insignificant. Plaintiff asserted that these representations reflect material misstatements by Defendants made in bad faith.

Finally, Plaintiff maintained that Defendants permitted FTN Financial Securities Corporation ("FTN"), another subsidiary of First Horizon, to violate federal securities laws, or alternatively, they failed to prevent FTN from violating such laws. The Complaint alleged that FTN's actions became the subject of a lawsuit filed by the United States Bankruptcy Trustee, *Grede v. Folan*, No.: 1:08 CV

3

6587 (N.D. Ill), in 2008. The Complaint further alleged that Defendants delayed disclosing this lawsuit until it filed its 2009 Form 10-K on February 26, 2010.

In the section of his Complaint entitled, *Tolling of the Statute of Limitations and Fiduciary Duties*, Plaintiff sought to explain why there was a tolling of the statute of limitations as it relates to his claims. Plaintiff stated the following:

> Defendants issued false and misleading financial reports from at least 2005 that misrepresented and concealed defendants' misconduct in connection with First Horizon's unlawful lending and risk management practices. Defendants routinely failed to disclose material criminal and civil litigation concerning its unlawful and other high-risk lending practices, and claims by a whistleblower that First Horizon routinely concealed instances of mortgage fraud from outsiders.
> At all relevant times, the full extent of the wrongful actions complained of herein were unlawfully concealed from First Horizon shareholders until late 2009 and early 2010, when it became known that a colorable breach of fiduciary duty claim had been brought by employees against the Board. . . . Further, it was not until 2009 and 2010, that defendants disclosed the true extent of losses suffered as a result of risk and unlawful lending practices, including the 2010 disclosure that First Horizon had incurred almost $200 million of costs associated with foreclosures and mortgage buybacks for which defendants had caused First Horizon to retain significant (but undisclosed) risks.

(Compl. at 35, ¶¶ 84–85.) Plaintiff claimed that he was put on notice on September 30, 2009, by the district court's decision in *Sims v. First Horizon National Corp.*, No. 08-2293, 2009 WL 3241689 (W.D. Tenn. Sept. 30, 2009) that he might have a claim against Defendants. The *Sims* case involved allegations surrounding First Horizon's high-risk lending practices, its failure to disclose the risks of such practices, and its failure to issue loans that conformed to guidelines for federally insured mortgages.

On July 30, 2010, Defendants and First Horizon each separately filed a Motion to Dismiss all of Plaintiff's claims. Defendants attached approximately twenty exhibits, consisting of news articles, pleadings, orders, and dockets from judicial proceedings, and Defendants-created summary

4

exhibits to their Motion. Defendants asked the district court to take judicial notice of the exhibits.

Subsequently, Plaintiff filed a Motion to Strike the majority of Defendants' exhibits. He also filed

Plaintiff's Request for Judicial Notice of eight exhibits. In response, Defendants filed a motion to

exclude from consideration Plaintiff's request for judicial notice ("Motion to Exclude"). On March

16, 2011, the district court granted Defendants' Motion to Dismiss, denied all other motions either

on the merits or as moot, and dismissed all of Plaintiff's claims with prejudice.

The district court determined that Tennessee law governed and that a one-year statute of

limitation applied to all of Plaintiff's claims.[1] Tenn. Code Ann. § 48-18-601 (2012). Inasmuch as

the lawsuit was filed on June 2, 2010, the district court held that only claims accruing on or after

June 2, 2009 would be timely. (*Id.* at 15.) The court determined that this statute also codified the

discovery rule that, alternatively, allows the statute of limitations to begin to accrue at the time a

plaintiff discovers the violation or reasonably should have discovered the violation. (*Id.* at 17–18.)

The district court found that Plaintiff failed to plead timely claims against Defendants and concluded

that all of Plaintiff's claims were time-barred as a matter of law. (*Id.* at 14.)

The district court found that the Complaint failed to present any allegations of actionable

conduct that arose on or after June 2009, as the conduct outlined in the Complaint occurred between

2004 and 2008. (*Id.* at 16.) The district court stated that Sixth Circuit precedent instructs that if a

complaint facially shows that a plaintiff failed to timely file a claim, then the plaintiff must

affirmatively plead facts to avoid the statute of limitations. (*Id.* at 16–17.) The district court held

that, as a matter of law, Plaintiff failed to plead facts to avoid the one-year statute of limitation

---

[1]The parties did not contest the applicability of this statute to all of Plaintiff's claims before the district court or on appeal.

5

applicable to his claims. (*Id.* at 19.) Specifically, he did not plead facts that show a claim arose on or after June 2, 2009, and he did not plead facts that support his claim that he did not discover, and it was not reasonable for him to discover, the facts giving rise to his claims until late 2009 or early 2010, which would have permitted him to pursue his otherwise time-barred claims. (*Id.*)

The district court found that "Plaintiff's allegation that he could not have reasonably discovered his legal claims against . . . Defendants until he knew about the extent of the corporation's losses does not plausibly trigger the discovery rule," because there is no legal requirement that the full extent of damages be known before an injured party files a lawsuit or is considered on notice of a claim. The district court further found that Plaintiff's allegation that he could not have reasonably discovered his legal claims against Defendants until the district court ruled on the breach of fiduciary duty claims in *Sims* also does not trigger the discovery rule, because Plaintiff's "knowledge of the facts, not a court ruling or even cognizance of a legal remedy, triggers the discovery rule." Therefore, these allegations did not remedy Plaintiff's untimely claims.

Moreover, the district court determined that Plaintiff had not properly put forth facts to support an allegation that fraudulent concealment by Defendants prevented Plaintiff's discovery, which is an additional basis for tolling under § 48-18-601. The district court concluded that Plaintiff failed to plead an essential element of this exception—that he exercised due diligence to discover facts related to his claim allegedly concealed by Defendants until late 2009 and early 2010. Because Plaintiff did not allege facts to show that he was diligent in attempting to discover his causes of action, Plaintiff could not avail himself of the discovery rule. Accordingly, the district court granted Defendants' Motion to Dismiss. In a judgment filed on the same day, the court dismissed Plaintiff's claims with prejudice.

6

Before evaluating the merits of Defendants' Motion to Dismiss, the district court denied Plaintiff's Motion to Strike Defendants' Exhibits because Federal Rule of Civil Procedure 12 (f) only permits the court to strike pleadings, and an exhibit is not a pleading. (*Id.* at 7.) The district court also denied as moot Plaintiff's Request for Judicial Notice and Defendants' Motion to Exclude, because it did not need to consider the information, since the action's actual accrual date was not part of its holding. Finally, the court denied as moot First Horizon's Motion to Dismiss because the court had already dismissed the Complaint on other grounds. Plaintiff timely filed the current appeal.

## II. LEGAL STANDARD

A district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is reviewed *de novo*. *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 605 (6th Cir. 2005). Well-pled factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id*. The parties do not dispute that Tennessee substantive law governs the suit.

A defendant may raise a statute of limitations defense in the context of a Rule 12(b)(6) motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (stating that the court may dismiss a claim under Rule 12(b)(6) when "the allegations in the complaint affirmatively show that the claim is time-barred."); *see also Anthony v. Tidwell*, 560 S.W2d 908, 909 (Tenn. 1977) (finding that the Tennessee procedural rule equivalent to Rule12(b)(6) is properly raised in a motion to dismiss if "an affirmative defense clearly and unequivocally appears on the face of the complaint"). Generally, when a defendant asserts that a plaintiff's claims are time- barred by a limitations statute, defendant has the burden to establish that the statute of limitations has run. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). If the defendant

establishes that the statute has run, the burden shifts to the plaintiff to show an exception. *Id.* However, when the face of a complaint makes it apparent that the time limit for bringing the claim has expired, plaintiff must affirmatively plead why the violations were not discovered earlier and why the statute should be tolled. *Auslender v. Energy Mgmt. Corp.*, 832 F.2d 354, 356 (6th Cir. 1987); *see also, Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (stating that if the complaint establishes that the action is time-barred, plaintiffs may explain why the limitations statute should be tolled, but a bare assertion that plaintiffs "were unaware of the facts underlying their cause of action" is not enough.); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1975) (observing that a complaint that alleges facts that defeat the pleader's ability to recover is considered to have a built-in defense and is self-defeating.)

### III. LAW AND ANALYSIS

Plaintiff asserted claims as a shareholder on behalf of First Horizon against Defendants. Defendants argued that Plaintiff's claims are barred by the applicable statute of limitations. The district court determined, and the parties agreed, that Plaintiff's entire action is governed by Tennessee Code Annotated § 48-18-601, which provides, in part, that:

> Any action alleging breach of fiduciary duties by directors or officers, including alleged violations of the standards established in § 48-18-301, § 48-18-302, or § 48-18-403, must be brought within one (1) year from the date of such breach or violation; provided, that in the event the alleged breach or violation is not discovered nor reasonably should have been discovered within the one-year period, the period of limitation shall be one (1) year from the date such was discovered or reasonably should have been discovered. In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced withing one (1) year after the alleged breach or violation is, or should have been, discovered.

8

This statute codified the discovery rule. It is well-established law in Tennessee that "the discovery rule is an equitable exception that tolls the running of the statute of limitations." *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 621 (Tenn. 2002). Thus, a plaintiff has one year to bring a breach of fiduciary duty claim.[2] That one-year limitation may be excused upon establishing a tolling exception delineated in the statute.

## A. Timeliness of Plaintiff's Claims

The district court outlined the factual allegations in the Complaint that support Plaintiff's claims. These allegations begin with Defendants' adoption of a new policy concerning underwriting guidelines in 2004 and Defendants' subsequent implementation of high-risk lending practices. The district court explained that Plaintiff alleged that various misconduct occurred over the next several years, through 2008, where Defendants' complicity in the violations of federal securities laws perpetrated by one of its subsidiaries resulted in a lawsuit against the subsidiary. The court determined that the facts alleged in the Complaint established that Plaintiff's time to bring his action had expired, and Plaintiff attempted to avoid the timeliness issue by pleading that he discovered the alleged breaches in late 2009 and that Defendants fraudulently concealed their breaches. The district court found that Plaintiff insufficiently pleaded facts to support his claim of late discovery.

On appeal, Plaintiff argues that Defendants have the burden to establish their affirmative defense that Plaintiff's time for filing his Complaint had expired. Plaintiff further argues that, because of this burden, Defendants must show when Plaintiff's claims accrued by establishing when

---

[2]Because the parties agreed that each of Plaintiff's claims involve the breach of fiduciary duty limitations statute, we will refer only to the breach of fiduciary duty claim. However, such reference encompasses all of Plaintiff's claims.

and how a First Horizon shareholder reasonably should have discovered Defendants' breaches of fiduciary duties prior to June 2, 2009. Plaintiff maintains that the district court erroneously relieved Defendants of this burden, failed to make a determination of when Plaintiff should have discovered Defendants' breaches, improperly required Plaintiff to plead a response to the statute of limitations defense, and wrongly dismissed the Complaint as time-barred pursuant to § 48-18-601. Plaintiff's arguments are not well-taken.

Indeed, while a defendant ordinarily has the burden to establish its statute of limitations defense, when the court can ascertain from the complaint that the period for bringing the claim has expired, a plaintiff must affirmatively plead an exception to the limitations statute. *Auslender*, 832 F.2d at 356. In essence, a defendant has met its burden to establish its statute of limitations defense when a plaintiff admits facts in the complaint that establish that the statute has run. The burden then shifts back to a plaintiff to show that it qualifies for an exception. The Complaint here established that the events that Plaintiff alleged were breaches of fiduciary duties occurred between 2004 and early 2009. The statute of limitations for claims that assert a breach of fiduciary duty is one year. Tenn. Code Ann. § 48-18-601 (2012). Because Plaintiff filed his action on June 2, 2010, only claims arising on or after June 2, 2009, are timely. Most of the conduct that Plaintiff alleged was a breach of Defendants' fiduciary duties occurred between 2005 and 2008. The latest occurring alleged breach related to Defendants' failure to disclose information or misrepresentation of information in the 2008 Form 10-K, which some of the named Defendants signed in February 2009. Thus, from the face of the Complaint, all actions occurred before June 2, 2009, and all of Plaintiff's claims are barred by the applicable limitations statute and should be dismissed unless the delay in filing can be

10

excused by a tolling provision. Plaintiff seemingly recognized this, as he devoted a section of his Complaint to the tolling of the limitations statute.

## B. Tolling of the Statute of Limitations

Section 48-18-601 provides that a delay in filing the action within the one-year period may be excused if such action is filed within one year of a plaintiff's discovery of the breach or within one year of when plaintiff reasonably should have discovered the breach. Tenn. Code. Ann. § 48-601 (2012). Here, to establish the exception, Plaintiff must have pleaded that he discovered the breach after June 2, 2009, or that the breach reasonably could not have been discovered before June 2, 2009.

Plaintiff alleged that he did not discover that he might have a claim until September 30, 2009, when the United States District Court for the Western District of Tennessee denied a motion to dismiss in *Sims*, a case against First Horizon and some of the named Defendants, among others. In that case, plaintiffs' asserted breaches of fiduciary duties similar to those asserted in the instant case.

The court's inquiry is limited to whether Plaintiff sufficiently pled a tolling exception based on when he discovered the breaches. In construing the Complaint liberally in favor of Plaintiff, taking all factual allegations as true, *Benzon*, 420 F.3d at 605, Plaintiff failed to sufficiently plead why the limitations statute should be tolled. Plaintiff alleges that the court order denying a motion to dismiss in *Sims* was the manner in which he discovered that Defendants had breached its fiduciary duties to First Horizon. If First Horizon has not disclosed pending judicial proceedings to its shareholders, it follows that the shareholders may be reasonably unaware of such proceedings. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 435–36 (2d Cir. 2008) (finding that an ordinary investor who held shares in a corporation would not reasonably be aware of a lawsuit filed

11

against that corporation, alleging violations similar to those of Plaintiff, when the lawsuit was obscure and not publicized). However, here, Plaintiff bases his discovery of the fact that "a colorable breach of fiduciary duty claim" existed against some of the named Defendants in the *Sims* lawsuit. In *Sims*, an amended complaint, alleging facts extremely similar to those alleged in the instant suit, was filed in September 2008.

Tennessee law states that it is not the date that a plaintiff discovered that he had a colorable action, which Plaintiff stated is September 30, 2009, that dictates the accrual of the limitations statute; instead, it is the date the plaintiff discovered the facts that would put a person on notice that injury has been suffered as a result of wrongful conduct. *Sherrill v. Souder*, 325 S.W.3d 584, 593 (Tenn. 2010). Plaintiff did not plead that he was unaware of the conduct underlying the action until late 2009. He pleaded that he was not aware that the conduct gave rise to a colorable breach of fiduciary duty claim until late 2009. Plaintiff did not plead when he became aware of the alleged actions of Defendants that he maintained constituted a breach of fiduciary duty. While it is not clear from the Complaint when Plaintiff discovered these facts, it is clear that there were claims asserted against some of the named Defendants for similar actions in 2008 in a lawsuit of which Plaintiff was aware. Consequently, Plaintiff has not met his burden to plead affirmatively why the statute of limitations should be tolled.

Moreover, Plaintiff argued that the limitations statute should be tolled because Defendants fraudulently concealed their conduct by issuing false and misleading financial reports that misrepresented and concealed their misconduct. As the district court correctly stated, in order for Plaintiff's delay in filing to be excused due to Defendants' fraudulent concealment, Plaintiff must affirmatively plead with particularity: "(1) wrongful concealment of their actions by the defendants;

12

(2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975); *see also Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992) (holding that to establish fraudulent concealment plaintiff must show (1) "defendant took affirmative action to conceal the cause of actions and that [(2)] the plaintiff could not have discovered the cause of action despite exercising reasonable diligence."). A review of the Complaint shows that Plaintiff failed to plead an essential element of fraudulent concealment. He did not plead that he exercised due diligence in seeking out the information that Plaintiff claims was wrongfully concealed. Consequently, Plaintiff has not met his burden to affirmatively plead sufficient facts to toll the one-year statute of limitations. Consequently, this court AFFIRMS the decision of the district court.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court granting Defendants' Motion to Dismiss.