*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0141p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

VIRGINIA J. BISHOP, et al.,

        *Plaintiffs-Appellants,*

    *v.*

LUCENT TECHNOLOGIES, INC., and THE LUCENT
RETIREMENT INCOME PLAN,

        *Defendants-Appellees.*

No. 07-3435

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 05-00003—Algenon L. Marbley, District Judge.

Submitted: March 11, 2008

Decided and Filed: March 25, 2008[*]

Before: SILER, MOORE, and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Thomas G. Moukawsher, MOUKAWSHER & WALSH, LLC, Hartford, Connecticut,
for Appellants. John Houston Pope, EPSTEIN, BECKER & GREEN, P.C., New York, New York,
for Appellees.

_____

**OPINION**

_____

    McKEAGUE, Circuit Judge. This is an appeal from an order dismissing retirees' claims for
breach of fiduciary duty against their former employer and its employment benefit plan. Plaintiff
retirees allege they were misled into prematurely accepting early retirement. The district court
dismissed the claims as time-barred. On appeal, plaintiffs contend the district court failed to
construe the complaint liberally in their favor and misapplied the governing statute of limitations.
For the reasons that follow, we affirm the judgment of the district court.

---

[*] This decision was originally issued as an "unpublished decision" filed on March 25, 2008. The court has now
designated the opinion as one recommended for full-text publication.

# I

Plaintiffs Virginia Bishop, Gerald Deckard, Charles Himmelspach, Jr., James Kastet, Janet Koch, George Policello, Karen Staff, and Sharon Stratton were employees of defendant Lucent Technologies, Inc. in Ohio and Illinois. All eight plaintiffs retired from their employment with Lucent in late 2000 or early 2001. They allegedly retired in reliance on representations by Lucent officials that "there was no point in delaying their retirement in the hope that the company would offer special retirement incentives like those offered by Lucent in the past, because Lucent had decided not to offer packages again in the near future, a prospect the officials guaranteed the company had specifically ruled out." Amended complaint ¶ 1. Yet, on June 11, 2001, within approximately six months after their retirements, Lucent publicly announced the offering of a lucrative severance package known as the 2001 Voluntary Retirement Program ("VRP"). Had they remained employed for several more months, plaintiffs allege, they would have been eligible for enhanced benefits. Feeling duped, they commenced this action under the Employee Retirement Income Security Act ("ERISA"), alleging under 29 U.S.C. § 1132(e)(1) that defendants Lucent Technologies and The Lucent Retirement Income Plan breached fiduciary duties owed them. Plaintiffs claim that defendants breached fiduciary duties "by actively misleading them into choosing to retire when they did with false information about the company's policy and intentions with respect to severance incentives." Amended complaint ¶ 1.

Plaintiffs filed their complaint in the District Court for the Southern District of Ohio on January 3, 2005. Defendants responded by moving to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending the complaint fails to state a claim upon which relief can be granted because the claims are barred by the governing statute of limitations. In their motion to dismiss, defendants contended that plaintiffs had actual knowledge of the alleged breach of fiduciary duty on the date of the VRP announcement and that the three-year limitation period therefore expired on June 10, 2004, almost seven months before the complaint was filed.

Plaintiffs opposed the motion by contending that the VRP announcement itself did not necessarily disclose to plaintiffs that misleading representations earlier made by Lucent officials were untrue. They further insisted that the complaint does not allege *when* plaintiffs learned that they had been misled. Because the complaint does not reveal when plaintiffs acquired this actual knowledge, plaintiffs maintained that it could not be ascertained whether the complaint was untimely filed.

The district court rejected plaintiffs' argument, concluding they had actual knowledge of the facts or transactions that made out the alleged violation on June 11, 2001, even if they didn't then know all material facts necessary to understand that a breach of fiduciary duty occurred. This was held to be sufficient "actual knowledge" to trigger the running of the three-year period and the complaint was held to be time-barred.

# II

Whether the district court properly dismissed the complaint pursuant to Rule 12(b)(6) is a question of law subject to *de novo* review. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). The reviewing court must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Yet, to survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Mezibov*, 411 F.3d at 716. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id*. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action

is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974; *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

In their motion to dismiss, defendants point out, with reference to the allegations of the complaint, that the violation complained of manifestly occurred on June 11, 2001, when the 2001 VRP was publicly announced. Because it appears from the complaint itself that plaintiffs knew they had been misled at that time, defendants reasonably deduced that the three-year period of limitation prescribed in 29 U.S.C. § 1113(2) began running at that time. The complaint not having been filed until January 3, 2005, more than three years after June 11, 2001, defendants contend that the complaint fails to state a claim upon which relief can be granted because it is time-barred. Defendants essentially contend, in the words of *Mezibov*, 411 F.3d at 716, that the complaint fails to "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."

Pursuant to 29 U.S.C. § 1113, in relevant part, a claim for breach of fiduciary duty may not be brought after the earlier of

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

The district court correctly determined that "actual knowledge" under 29 U.S.C. § 1113(2) is a term that has received a particular definition in the Sixth Circuit. "[T]he relevant knowledge required to trigger the statute of limitations under 29 U.S.C. § 1113(2) is knowledge of the facts or transaction that constituted the alleged violation; it is not necessary that the plaintiff also have actual knowledge that the facts establish a cognizable legal claim under ERISA in order to trigger the running of the statute." *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003). It follows that the question posed by the motion to dismiss is whether plaintiffs' complaint contains sufficient allegations, either direct or inferential, to facially support the conclusion that they first acquired actual knowledge of "the facts or transaction that constituted the alleged violation" at some point in time less than three years prior to the filing of their complaint.

Plaintiffs concede that their complaint does not affirmatively allege when they acquired actual knowledge of the facts or transaction that comprised the alleged breach of fiduciary duty. They maintain that the court, viewing the complaint in the light most favorable to them for purposes of Rule 12(b)(6) review, must resolve this ambiguity in their favor. Yet, the complaint certainly contains allegations which, on their face, give rise to the reasonable inference that they must have known, at the time of the public announcement of the 2001 VRP, that they had been wronged. That is, the allegations indicate that plaintiffs: knew what representations had been made to them by Lucent officials, on which they allegedly relied in deciding to retire early; knew the offering of enhanced benefits in the 2001 VRP was inconsistent with the representations; and knew, in retrospect, that they had been misled by these representations into believing that something that did come to pass would not. It thus *appears* from the face of the complaint that plaintiffs had actual knowledge of the facts or transaction comprising the wrong complained of more than three years before the complaint was filed. In the words of *Wright*, 349 F.3d at 331: "Although the actions complained of in this case may not themselves 'communicate the existence of an underlying breach,' the extrinsic facts of which the Plaintiffs had actual knowledge demonstrate that Plaintiffs must have known that they had been wronged long before they consulted with an attorney."

Under these circumstances, it is not enough for plaintiffs to argue that the complaint, because it is silent as to when they first acquired actual knowledge, must be read in the light most favorable to them and construed as not precluding the possibility that they will be able to prove facts establishing their entitlement to relief. The obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that "it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992). "The Sixth Circuit has adopted the view, at least in cases where the face of the complaint discloses a failure to file within the time allowed, that the plaintiff may come forward with allegations explaining why the statute of limitations should be tolled." *Id.* When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot "escape the statute by saying nothing." *Id.* at 745. *See also LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995).

A complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. *Twombly*, 127 S.Ct. at 1965. The allegations must be enough to "raise a right to relief above the speculative level" and state a claim that is "plausible on its face." *Id.* at 1965, 1974. Where, as here, defendants have highlighted the apparent untimeliness of the complaint, plaintiffs may not simply rely on the bare assertion that they were unaware of the facts underlying their cause of action. *LRL Properties*, 55 F.3d at 1107; *Hoover*, 958 F.2d at 744.

Plaintiffs insist it was only when they learned that Lucent officials knew what they said was, or may have been, false that plaintiffs had actual knowledge that defendants had breached their fiduciary duties. The argument is based in part on *Caputo v. Pfizer, Inc.*, 267 F.3d 181,193 (2d Cir. 2001), an approach the Sixth Circuit expressly declined to adopt in *Wright*, where the statute was held to be triggered by knowledge of the facts or transaction that constituted the alleged violation, irrespective of whether the plaintiff also had knowledge that the facts establish a cognizable legal claim under ERISA. *Wright*, 349 F.3d at 330.

Furthermore, even apart from the merits of plaintiffs' argument that they needed to know more than that the VRP had been announced to know that they had been *wrongfully* misled, the fact remains that plaintiffs have, to this date, steadfastly refused to identify when they did acquire the needed actual knowledge. Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006). Yet, in this case, plaintiffs did not move the district court for leave to amend. Whereas plaintiffs might reasonably have been expected to respond to the motion to dismiss by assuring the district court that the *apparent* untimeliness of their claims was due to a pleading oversight, and by requesting leave to amend so as to affirmatively allege the date when each plaintiff acquired the relevant knowledge, no request for leave to amend was ever forthcoming. Instead, plaintiffs opposed the motion to dismiss on other grounds. On this critical issue of timeliness, they argued to the district court simply as follows:

> Because, regardless of which event starts the clock running, it isn't apparent from the face of the complaint that the time limit for bringing the claim has passed, Lucent's motion must be denied. There is another, more appropriate time, for the plaintiffs to prove—as they will—when they acquired actual knowledge and that they brought their suit within three years of that date. For now, any inquiry into this issue is premature.

Memorandum in opposition to motion to dismiss p. 6, JA 43. That is, in the face of a direct challenge to the viability of their complaint, plaintiffs inexplicably concluded that the time was not "appropriate" to demonstrate that, contrary to appearances, their complaint was in fact timely.

On appeal, plaintiffs argue—no less inexplicably—that they did not identify when they acquired the requisite actual knowledge because the district court did not give them a chance: "The employees could have explained what they learned and when, but neither Lucent nor the district court has given them a chance." Appellants' reply brief p. 2. The motion to dismiss was filed on March 14, 2005. Plaintiffs obtained an extension of time within which to respond and then filed their response on April 28, 2005. Plaintiffs then assented to a stay of discovery while the motion remained under advisement. Subsequently, plaintiffs obtained permission to file a supplemental brief in opposition to the motion to dismiss and filed it on October 12, 2006. Again, they did not seek leave to amend to substantiate the timeliness of the complaint. The district court issued its ruling on March 15, 2007, granting defendants' motion and dismissing the complaint. Even then, plaintiffs did not move for reconsideration and seek leave to amend. Only now, on the last two pages of their appellate reply brief, do plaintiffs finally acknowledge that amendment of the complaint is appropriate: "And, if by any chance, this Court finds the complaint deficient in any curable way, the case should be remanded with instructions to allow the retirees to plead over." *Id.* at 10-11.

Considering this procedural history, the motion to dismiss having remained pending for a full two years, the notion that plaintiffs were denied a fair opportunity to augment their complaint with factual allegations, concerning information within *their* possession, is simply preposterous. Just as unpersuasive is plaintiffs' insistence that the complaint, under Rule 12(b)(6), must be read liberally and ambiguities resolved in their favor. The court should not assume facts that could and should have been pled, but were not. *Harvey*, 453 F.3d at 328. "Although reasonable inferences drawn from the allegations must be accepted, . . . we need not accept 'unwarranted factual inferences.'" *Id.* (citations omitted).[1]

Plaintiffs have offered no good reason why, in the face of the motion to dismiss, they have steadfastly refused to identify when they acquired the requisite actual knowledge of defendants' violation. Nor have they asserted any theory pursuant to which we can hold that the district court erred by failing to excuse the incompleteness of their allegations. Under these circumstances, the incomplete allegations of the complaint do not justify any reasonable inference that their complaint was timely filed. To the contrary, we concur in the assessment of the district court that the incompleteness of the allegations, combined with plaintiffs' resolute and continued silence in the face of the motion to dismiss, justifies the opposite inference. Viewed in procedural context, the allegations of plaintiffs' complaint merely create a suspicion of a legally cognizable right of action, which is insufficient to forestall dismissal under Rule 12(b)(6). *Twombly*, 127 S.Ct. at 1965.

## III

Accordingly, we **AFFIRM** the judgment of the district court dismissing the complaint for failure to state a claim upon which relief can be granted.

---

[1]That the factual inferences plaintiffs would have us draw are unwarranted is underscored by the general rule that, where relevant information "is in the possession of one party and not provided, then an adverse inference may be drawn that such information would be harmful to the party who fails to provide it." *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 712 (6th Cir. 2007) (quoting *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 632-33 (6th Cir. 2000)).