**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1018n.06

**No. 10-6123**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 18, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LEE ANN TINCHER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| LARRY OWSLEY, et al., | ) | KENTUCKY AT LOUISVILLE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

TARNOW, District Judge. Appellant Lee Ann Tincher appeals the decision of the United States District Court for the Western District of Kentucky granting dismissal to Defendants in Plaintiff's suit alleging a violation of a property interest in her employment and a deprivation of her due process rights.

For the reasons set forth below, we **AFFIRM** the district court's dismissal.

**BACKGROUND**

Plaintiff Lee Ann Tincher is a former employee of Defendant University of Louisville. She was a Nurse Specialist in its Medical School's Department of Pediatrics, Division of Pediatric Endocrinology ("Ped-Endo"). She worked there from 1987-1989 and from 1997-November 2007. In November 2007, Plaintiff's employment was terminated for two reasons: (1) a three-day

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

suspension due to inappropriate comments she made about doctors at the University; and (2) complaints from Ped-Endo patients' parents alleging discourteous, rude, and unprofessional behavior by Plaintiff towards them.

The University has a handbook ("Policy") that describes offenses for which employees may be disciplined and the appeals process following employment termination. (*See* R. 1., Ex. A.) Section PER 501 of the Policy describes forms of disciplinary actions and lists specific offenses for which employees of the University may be disciplined. It states:

> Disciplinary action may take the form of oral warning, written reprimand, suspension without pay, demotion or termination. The specific action taken will depend on the nature of the offense, the circumstances surrounding the offense, and the employee's previous record. Suspending an employee with pay or assigning an employee to use his or her paid annual leave is not disciplinary action; the university reserves the right to take such action as it deems appropriate. Copies of written reprimands must be forwarded to the Human Resources Department.
>
> Any personnel action to suspend or terminate a regular status staff member must be reviewed by the Affirmative Action/Employee Relations Office, Human Resources Department before any action is taken. In cases of termination, a pre-termination hearing will be conducted in the Human Resources Department with a representative of the Employee Relations Office present.

(*Id.*)

Section PER 504 of the Policy states the University policies and procedures for appeals of suspensions and dismissals from employment. (*Id.*) PER 504 provides that:

> An appealable action may be reversed on appeal for only two reasons: (1) there was no reasonable basis for the university action; or (2) there was a substantial departure from university procedures which prejudiced the employee against whom the action was taken.

(R. 1, Ex. A, PER 504, § III.) It goes on to state:

**I. POLICY STATEMENT**

A regular status employee may appeal a suspension without pay,
an involuntary demotion, or a dismissal.

…

**IV. PROCEDURES**

…

**D.**      **Pre-Hearing Conferences and Hearings**

1. There shall be an initial pre-hearing conference at which the parties to the appeal and the hearing officer in consultation with the Associate Vice President for Human Resources or his or her designee shall decide the issues to be addressed in the appeal, the advisors to be present at the hearings, the extent of the advisors' participation at the hearings, and any other relevant procedures. The final decision on these and all other procedural matters rests with the Associate Vice President for Human Resources or his or her designee.

2. There shall be a hearing at which the employee and the university shall have the opportunity to present evidence regarding the action taken, including testimony of witnesses. The hearing shall be informal; strict rules of evidence shall not apply.

3. The Associate Vice President for Human Resources or his or her designee shall be present at all hearings and pre-hearing conferences. The Staff Grievance Officer shall be informed in writing of all hearings and pre-hearing conferences and may attend all such meetings at his or her direction.

4. The employee and the appropriate supervisor may each have an advisor present at all pre-hearing conferences and hearings. And advisor may only be:

     a. a licensed attorney, or

     b. a university faculty or staff member.

5. If an employee wishes to be assisted by an advisor but is unable to locate an advisor, the employee may contact either the Staff Grievance Officer or the Associate Vice President for Human Resources or his or her designee, who will help the employee locate a university faculty or staff member to act as the employee's advisor. The advisor may not participate in the pre-hearings unless:

     a. the advisor is an attorney; or

     b. the employee has received permission for the advisor's participation from the Associate Vice President for Human Resources or his or her designee.

**E.**      **Hearing Officer's Report**

1. After the hearing has been completed, the hearing officer shall issue a written report which shall:

     a. summarize the evidence presented at the hearing;

     b. state the hearing officer's Findings of Fact and the basis for those findings; and

> c. state the hearing officer's Recommendations for Action. This written report shall be submitted to the Associate Vice President for Human Resources or his or her designee within ten workdays of the completion of the hearing, unless the Associate Vice President for Human Resources extends that time period
>
> **F.** **Appeal Decision**
> 1. The Hearing Officer's Report shall become the Appeal Decision seven workdays after the Report has been submitted to the President or his or her designee, unless the President or his or her designee determines that the Report, or any part of it is not in the best interest of the university.
> **2. If the President or his or her designee determines that the hearing Officer's Report, or any part of it, is not in the best interest of the university, the President or his or her designee shall issue an Appeal Decision within seven workdays of receipt of the Hearing Officer's Report.**
> 3. The Associate Vice President for Human Resources or his or her designee shall forward the Hearing Officer's Report or Appeal Decision, if any, to the employee, to employee's supervisors, and any other appropriate individuals.
> 4. The Associate Vice President for Human Resources or his or her designee shall be in charge of implementing the Appeal Decision and may take whatever action is necessary to do so.
> 5. **The Appeal Decision shall be final.**

(R. 1, Notice of Removal, 9/09/2009, Exhibit A, Part I, Complaint Exhibit B) (emphasis added).

On October 15-16, 2008, a post-discharge due process hearing was held before Mr. Michael Head, Assistant Attorney General, Office of Administrative Hearings. On October 27, 2008, Head issued a report and Recommended Order. In the report, Head made findings of fact and conclusions of law. Head suggested that the University reverse Plaintiff's discharge of employment and reinstate her with back pay and benefits.

On November 17, 2008, Defendant Larry L. Owsley, acting as a designee of Defendant James Ramsey, rejected the Recommended Order and affirmed the Defendant University's decision to terminate Plaintiff's employment. The decision by Owsley states:

> Upon review of the hearing record, **Findings of Fact, Conclusions of Law, and Recommended Order** and the **Exceptions** filed by counsel for the Department of

Pediatrics, I hereby find that the Recommended Order issued by the Hearing Officers is not in the best interest of the University. As the President's Designee, it is my ruling that the Recommended Order shall not be adopted as the Appeal Decision in this matter. Accordingly, I am affirming the decision to terminate Petitioner Tincher's employment effective November 17, 2007, as previously rendered by the University of Louisville.

(R. 1, Ex. C) (emphasis in original).

On August 14, 2009, Plaintiff filed a Complaint in Jefferson Circuit Court in Kentucky against Defendants University of Louisville, Larry Owsley, and James Ramsey. Plaintiff alleged deprivation of a property interest in her employment and a violation of her right to procedural due process under the Fifth and Fourteenth Amendments under a § 1983 theory of liability. Defendants removed the action to the United States District Court for the Western District of Kentucky on September 8, 2009. Plaintiff appealed that Court's decision. The appeal is now before us.

*Standard of Review*

"Whether an action is barred by the Eleventh Amendment is a question of law, and is reviewed *de novo*." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (internal citation omitted). States "possess[] certain immunities from suit in . . . federal courts." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). The amendment applies to suits brought against a state agency or state officers, and the action is for recovery of money from the state treasury. *Martin v. Univ. of Louisville*, 541 F.2d 1171, 1173-74 (6th Cir. 1976).

Public universities are protected under the Eleventh Amendment. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). "Government officials who perform discretionary functions are entitled to qualified immunity from civil damages suits arising out of the performance of their official duties . . . ." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 207-08 (6th Cir. 1998) (internal quotation and

citation omitted).

Here, Appellant brought suit against the University, Owsley in his official capacity, and Ramsey in his official capacity. Such claims were properly dismissed by the district court as barred by the Eleventh Amendment.

Appellant also brought claims against Ramsey and Owsley in their individual capacities. Those claims were properly dismissed. "Whether the district court properly dismissed [a plaintiff's] claims pursuant to Rule 12(b)(6) is a question of law, which we review *de novo*." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 608-09 (6th Cir. 2009) (internal quotation marks and citations omitted). "A complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ctr. For Bio-Ethical Reform Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). Although the standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Hensley*, 579 F.3d at 609 (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that simply "creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (emphasis omitted).

Plaintiff failed to state claims for prospective injunctive relief against Defendants Owsley and Ramsey. Plaintiff states in her complaint that the actions were "[u]ndertaken under color of the laws of the Commonwealth of Kentucky in the individual and official capacities of . . . Defendants Owsley and Ramsey . . . ." Comp., at ¶10(a). As noted by the district judge, the only factual allegation in the complaint with respect to Defendants Owsley and Ramsey is contained in paragraph 8 of the complaint. It states:

> On November 17, 2008, the Defendant Larry L. Owsley, acting as the designee of the Defendant James Ramsey, rejected the Findings and Conclusions and "Recommended Order" . . . and "affirmed" the decision of the Defendant University of Louisville to discharge the Plaintiff from her employment with it, originally made on November 17, 2007.

*Id.* at ¶ 8.

Appellant's statement that Defendants Owsley and Ramsey affirmed her termination does not establish facial plausibility of a constitutional violation. Because Appellant simply stated a legal conclusion with no factual support, we affirm the district court's dismissal.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the dismissal by the district court.