NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0381n.06

Case No. 15-6254

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| V. CALVIN HOWELL, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jul 07, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| JIMMY FARRIS, individually and in his | ) | |
| capacity as Building and Code Enforcement | ) | |
| Officer; SHEILA DELLINGER, in her official | ) | |
| capacity as City Administrator; CITY OF | ) | ON APPEAL FROM THE UNITED |
| BOLIVAR, a municipal corporation of the | ) | STATES DISTRICT COURT FOR |
| State of Tennessee in its own capacity; | ) | THE WESTERN DISTRICT OF |
| BARRETT STEVENS, in his official capacity | ) | TENNESSEE |
| as Mayor of Bolivar; TRACY BYRUM, | ) | |
| JAMES FUTRELL, TERESA GOLDEN, | ) | |
| RANDY HILL, TODD LOWE, LARRY | ) | |
| ALLEN MCKINNIE, WILLIE MCKINNIE, | ) | |
| and DAVID RHEA, in their official capacities | ) | |
| as members of the City Council, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: BOGGS, CLAY, and GILMAN, Circuit Judges.

BOGGS, Circuit Judge. In 2011, V. Calvin Howell sought building permits from the City of Bolivar to make improvements to three properties he owned. Howell's requests were denied, and he sued various city officials under 42 U.S.C. § 1983 for violations of the First Amendment, the Fourteenth Amendment, and the Tennessee Open Meetings Act. The district court dismissed the suit because Howell's federal claims were barred by the statute of

limitations, which left the court without supplemental jurisdiction to hear his state-law claims. We affirm.

Howell's first argument is that a district court may not grant a motion to dismiss based on the statute of limitations. Howell cites the magistrate judge's report in *Sanders v. Williams Equipment & Supply Co.*, which stated that "the statute of limitations issue in most cases cannot be decided on a motion to dismiss or from the face of a plaintiff's complaint." No. 09–02281–A/P, 2010 WL 5575483, at *4 (W.D. Tenn. Dec. 29, 2010) (quoting *United States v. Carrell*, 681 F. Supp. 2d 874, 888 (M.D. Tenn. 2009)), *adopted by*, No. 09–2281–STA–tmp, 2011 WL 111713, at *1 (W.D. Tenn. Jan. 13, 2011). The magistrate judge in that case made that statement in the context of explaining that, as "a general rule, a plaintiff is not required to plead facts placing a claim within the limitations period 'because the statute of limitations is an affirmative defense for which the defendant bears the burden of proof.'" *Ibid.* (quoting *Carrell,* 681 F. Supp. 2d at 888). However, the magistrate judge went on to note that the "Sixth Circuit has held . . . that a plaintiff may have an obligation to plead facts in avoidance of the statute of limitations defense if 'it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'" *Ibid.* (alteration in original) (quoting *Carrell*, 681 F. Supp. 2d at 888). The magistrate judge then concluded that the documents in the record "clearly demonstrate[d] that Sanders filed his discrimination charge long after the statute of limitations had run," and concluded that "his Title VII and THRA claims are time-barred." *Ibid.*

Having put *Sanders* in context, it is clear that we must decide whether "it is apparent from the face of the complaint that the limit for bringing the claim[s] has passed." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (alteration in original) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)). We review the

district court's decision on that question de novo.  *See Cooey v. Strickland*, 479 F.3d 412, 415 (6th Cir. 2007).

"The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  Our court has previously held that the applicable limitations period in Tennessee is one year, based on Tenn. Code Ann. § 28–3–104(a).  *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).  Although the applicable time period is borrowed from state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635.  "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Ibid.*  "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her right." *Ibid.* (alteration in original) (quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

According to Howell's complaint, his first request for building permits was denied on June 6, 2011, by the City of Bolivar's Building and Code Enforcement Officer, Jimmy Farris. Farris later denied Howell's requests on several other occasions, leading Howell to seek recourse from the Mayor, and subsequently, the City Council.  Howell went to the City Council on January 8, 2013, and on February 12, 2013, and each time the City Council refused to consider Howell's request.  These denials and refusals are the injuries that form the basis of his federal constitutional claims, and as such, he should have known of their existence by February 12, 2013, at the latest.  That Howell sought the assistance of an attorney, who drafted a letter to

3

Mayor Barrett Stevens dated February 26, 2013, further bolsters this conclusion. In that letter, Howell's attorney stated: "It is my opinion that the City of Bolivar . . . has wrongfully and unlawfully refused Mr. Howell his requested building permits. . . . For reasons I can not understand, the City singled Mr. Howell out for treatment in this regard different than other similarly situated residents." This letter suggests that, as of February 26, 2013, Howell was well aware of the injuries underlying his claims. Howell filed his suit on February 10, 2015, nearly two years after that date, which means that his suit is barred by the one-year statute of limitations.

To rebut this conclusion, Howell argues that he discovered the basis of his claims during depositions taken in state-court litigation that occurred within one year of the date on which he filed his suit. That argument is unpersuasive.

Howell's First Amendment claims are based on an alleged deprivation of his rights to "protes[t] Defendants' unlawful treatment of him" and "appeal . . . to the Bolivar City Council." Howell alleges that the defendants took "adverse action . . . that would be likely to chill a person of ordinary fitness when continuing to engage in that activity." Even if we assume that the defendants' actions did in fact violate Howell's free-speech rights, Howell would surely have known of the injuries when the speech-chilling conduct took place and not at a subsequent deposition.

A similar problem afflicts Howell's due-process claims. Those claims are based on the defendants' allegedly "arbitrar[y] and capriciou[s] deni[al]" of the building permits, and their "refus[al] to hear Plaintiff's appeal of the denial of the building permits." Again, Howell should have known of the existence of these injuries at the time they occurred, i.e., when his building

permits were allegedly denied without a reasonable basis and when the City Council refused to hear his requests.

As for his equal-protection claims, Howell alleges that the defendants "engaged in a policy, pattern and practice of selectively and vindictively enforcing unlawful decisions against Plaintiff," and "segregated Plaintiff from other citizens of the City of Bolivar since they refused to allow the Plaintiff to appeal the refusal of the issuance of the building permits on two separate occasions at the City Council meeting." Howell argues on appeal that it was only during subsequent state-court depositions that he "learned for the first time" that "he had been treated differently from all other citizens of Hardeman County, Tennessee." This argument is undercut by the fact that Howell's attorney sent a letter to Mayor Stevens on February 26, 2013, arguing that "the City has singled Mr. Howell out for treatment in this regard different than other similarly situated residents." Given that Howell's attorney spelled out the terms of his equal-protection claim in this letter, Howell clearly had enough information on February 26, 2013, to know about the injury forming the basis of his equal-protection claim.

Because Howell did not bring his federal § 1983 claims within the one-year time period set forth in Tennessee's statute of limitations, the district court was correct to dismiss those claims. Furthermore, because Howell's federal claims were dismissed, the district court correctly dismissed his state-law claims as well. *See* 28 U.S.C. § 1367(c)(3). The decision of the district court is therefore AFFIRMED.