NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0591n.06

Case No. 19-5083

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL LEAND CHUNN, | ) | **FILED** |
| | ) | Dec 05, 2019 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| SOUTHEAST LOGISTICS, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: MOORE, CLAY, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Michael Chunn sued Southeast Logistics for fraud. The district court dismissed the complaint on the ground that the statute of limitations barred it. We affirm.

Chunn drove trucks for Southeast. He was injured in 2009 when a loading strap broke and, as misfortune would have it, snapped into his forehead. The injury had lasting effects. Blurred vision and severe headaches were the first consequences. Psychological challenges, including anxiety, depression, and suicidal thoughts, came next. A doctor prescribed medication to help.

Chunn asked Southeast whether workers' compensation covered him or whether he lacked eligibility as an independent contractor. The company, he alleges, refused to give a clear answer, engaging in "deceptions and evasion tactics" to conceal his employment status. R. 8 at 4. Chunn says he was "unable to withstand" these deceptions due to his "drug-decimated mental state," which did not improve until 2016 when he stopped the prescription. *Id.*

Chunn sued Southeast for fraudulently misrepresenting his entitlement to workers' compensation. The district court dismissed the action on the ground that the statute of limitations had run and denied Chunn leave to amend his complaint on the ground that it would be futile. Chunn appealed.

The parties agree that Tennessee's three-year statute of limitations governs this claim. Rightly so. *See* Tenn. Code Ann. § 28-3-105; *Vance v. Schulder*, 547 S.W.2d 927, 932 (Tenn. 1977). The clock starts when the plaintiff's claim accrues—when he discovers his injury or should have discovered his injury with reasonable diligence. *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 458–59 (Tenn. 2012). "Once a plaintiff gains information sufficient to alert a reasonable person of the need to investigate the injury, the limitation period begins to run." *Id.* at 459 (quotation omitted).

The parties agree that Chunn's claim does not fit within the customary application of the three-year statute of limitations. Rightly so again. His last discussions with Southeast representatives took place in 2011. But he did not sue until 2017.

Chunn instead claims that an exception to the limitations period applies: either fraudulent concealment or mental incapacity.

*Fraudulent concealment.* Under the fraudulent concealment exception, the limitations clock pauses when "the defendant has taken steps to prevent the plaintiff from discovering he was injured." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001). In a way, this is merely a variation on the discovery rule. How after all could a plaintiff discover his injury if the defendant fraudulently concealed it from him? *See Redwing*, 363 S.W.3d at 462. But that reality comes with another one. The exception doesn't relieve plaintiffs of their obligation to investigate their rights.

*Id.* at 463.  Even under this exception, the limitations period still starts to run once the plaintiff "should have discovered" his injury.  *Id.*

The heightened pleading standard of Civil Rule 9(b) applies to fraudulent concealment, just as it applies to the fraud itself.  *Evans v. Pearson Enters. Inc.*, 434 F.3d 839, 851 (6th Cir. 2006); *see* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1298 & n.18 (4th ed. 2019).  That means the plaintiff must "state with particularity" the facts showing he satisfies the exception, including his own diligence.  Fed. R. Civ. P. 9(b); *Evans*, 434 F.3d at 851.  And that's just as true when the underlying claim is itself one for fraud—if, as here, the plaintiff claims the defendant fraudulently concealed a fraud.  "The fraud, standing alone, does not toll the statute of limitations; it is the concealment of the fraud that tolls the procedural bar."  *In re Estate of Davis*, 308 S.W.3d 832, 842 (Tenn. 2010); *see, e.g.*, *McConnell v. Fuller*, No. E2010-00530-COA-R3-CV, 2011 WL 538855, at *5 (Tenn. Ct. App. Feb. 15, 2011) (unpublished).

Viewed through this lens, Chunn's complaint misses the mark.  It devotes three sentences to the alleged fraud and fraudulent concealment.  In those sentences, he does not identify anything Southeast did to prevent him from discovering the fraud.  He instead alleges that the company avoided his questions by "refus[ing] to provide him a copy" of its workers' compensation policy. R. 8 at 4.  Nor does he explain how he reasonably tried to discover the alleged fraud.  His own allegations suggest the opposite.  He knew of facts suggesting he was entitled to workers compensation (that Southeast, for example, deducted workers' compensation premiums from his paycheck), and he had knowledge of Southeast's allegedly false statements themselves.  At the very least, he had "information sufficient to alert a reasonable person of the need to investigate" whether Southeast fraudulently misrepresented his entitlement to workers' compensation.

*Redwing*, 363 S.W.3d at 459 (quotation omitted); *see, e.g.*, *McConnell*, 2011 WL 538855, at *4–5.

The one fraudulent concealment case cited by Chunn illustrates the point. In *Eldridge v. Savage*, No. M2012-00973-COA-R3-CV, 2012 WL 6757941 (Tenn. Ct. App. Dec. 28, 2012) (unpublished), a home buyer sued the seller for misrepresentation and concealment of fire damage to the home. Her fraudulent concealment claim succeeded because she exercised reasonable diligence in inspecting the home before purchasing it, and "there [was] nothing to indicate that a reasonable person would have discovered the allegedly concealed fire damage" any sooner. *Id.* at *6. Whatever misrepresentations a defendant may have made, *Eldridge* shows that the plaintiff still must identify facts at the pleading stage that show reasonable diligence. Chunn has not done that.

*Unsound mind.* The unsound-mind exception to the Tennessee statute of limitations applies to Chunn if he suffered from this disability at the time his cause of action accrued. Tenn. Code Ann. § 28-1-106 (2011); *cf. Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 845 (6th Cir. 2015) (noting a later narrowing of the exception).

A person satisfies the exception if he is "unable to manage his [] day-to-day affairs." *Sherrill v. Souder*, 325 S.W.3d 584, 601 (Tenn. 2010). That is not easy to show, as the cases suggest. In one Tennessee Supreme Court case, an elderly individual satisfied the exception only after doctors diagnosed her with "moderate to severe Alzheimer's" and she continued taking a drug after being told not to. *Id.* at 602. In one of our cases, a man with severe learning disabilities met the exception only after showing he was "unable to care for himself without help" and depended on others "to help him function in basic everyday transactions." *Memphis Light*,

777 F.3d at 845–47. By contrast, the "mere assertion of a psychological problem" does not suffice to show an inability to manage day-to-day affairs. *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001).

Chunn does not meet this test. Yes, he suffers from anxiety, depression, suicidal thoughts, and rapidly shifting "flight[s] of ideas." R. 8 at 3–4. No small matters all. But none of these ailments necessarily makes a person incapable of managing his day-to-day affairs. *See Nix*, 40 S.W.3d at 465 (finding analogous limitations exception not met by allegations of "radical mood swings, extreme depression, loss of memory, poor judgment, and difficulty with thinking abstractly"). Nor does Chunn make any allegations about specific day-to-day affairs he cannot handle due to these ailments—that, say, he can't drive, can't engage in "basic everyday transactions," or can't do other necessary things from day to day. *Memphis Light*, 777 F.3d at 846.

Chunn's only counterargument misapprehends Civil Rule 12(b)(6). In essence, he argues that we must accept as true his assertion that he had an unsound mind and let him prove it later. But bare legal conclusions do not cut it at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Claimants must plead plausible *facts* that, when taken together, establish a claim for relief on the merits. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (affirming dismissal on statute of limitations grounds because plaintiffs failed to plead diligence); *Evans*, 434 F.3d at 850–51 (same). Chunn has failed to do so.

That leaves one loose end. Chunn separately argues that the district court should have let him file a new complaint—what would have been his third complaint—to add allegations that meet these pleading requirements. *See* Fed. R. Civ. P. 15(a). The district court correctly rejected the motion. A court may deny a motion to amend if it "concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quotation omitted). In this instance, the district court correctly concluded that

Chunn's amendment would be futile, because his proposed new complaint suffered from the same flaw as his earlier one. It was time-barred. The new complaint added a handful of sentences that mostly repeated his existing allegations. Here is a representative example: "In January of 2016, the Plaintiff was weaned from various other medications which had collectively catapulted him into a grave physical and mental disability." R. 23-3 at 5. The new complaint also attached an internal Southeast email obtained in discovery, in which one Southeast employee instructed another not to send Chunn the company's workers' compensation policy. But none of that showed he had met either exception to the statute of limitations. In fact, as the district court concluded, the email suggested his claim had accrued even earlier, in 2010, because it showed Chunn was asking questions about workers' compensation at that time.

Chunn has little to say in response. He tries to marginalize the email as "extraneous" and says that the court's reliance on it converted the case into a summary judgment decision, not a pleading-stage dismissal. Reply Br. 3. But courts can consider exhibits attached to the plaintiff's complaint in evaluating whether it states a plausible claim for relief. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). That's true even if those exhibits undermine the plaintiff's claims. *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681, 683–84 (6th Cir. 2011). More to the point, the district court's analysis did not turn on the email; it turned on Chunn's continued failure to show his claim was timely.

We affirm.

6