NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0120n.06

Case No. 20-5644

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| GARY HOUCHENS, et al., | ) | **FILED**<br>Mar 09, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Plaintiffs, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| ANDREW BESHEAR, Governor of the | ) | KENTUCKY |
| Commonwealth of Kentucky, et al., | ) | |
|  | ) | |
| Defendants-Appellees. | ) | |

BEFORE: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

**SILER**, Circuit Judge. Gary Houchens and other members of the Kentucky Board of Education (BOE) (Plaintiffs) argue that the district court improperly dismissed their complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Governor Andrew Beshear's abolition of the BOE and subsequent creation of a new board violated the ousted members' constitutional rights. Plaintiffs claim they had property and liberty interests in their official positions under KRS §§ 63.080(2)(b) and 156.029(2). These statutes put forth that members shall not be removed from the BOE "except for cause." Plaintiffs claimed that the elimination of their positions constituted a violation of their procedural and substantive due process rights. The district court held that Plaintiffs failed to allege a plausible violation of any Kentucky or federal constitutional provisions and dismissed the case. The Governor has the explicit

discretion to reorganize the board between sessions if he believes it will achieve "greater economy, efficiency, and improved administration." *See* KRS § 12.028. As Governor Beshear abolished the BOE between General Assembly sessions, Plaintiffs did not have a property interest in their continued board membership, nor do they have a cognizable claim for a violation of either procedural or substantive due process rights. We AFFIRM.

## I.

On December 10, 2019, Governor Beshear entered Executive Order (EO) 2019-002 abolishing the BOE created by KRS § 156.029 and creating a new BOE consisting of eleven voting members. In the EO, Governor Beshear explained that he completed the reorganization pursuant to KRS § 12.028. On December 11, 2019, Plaintiffs filed a complaint in state court against Governor Beshear and others. After they were denied injunctive relief, they voluntarily dismissed the state court action.

Plaintiffs then filed suit under 42 U.S.C. § 1983 in federal district court and sought an emergency preliminary injunction, which was denied. They alleged violations of their procedural and substantive due process rights and sought a declaration that KRS § 12.028 and Governor Beshear's actions of abolishing the BOE without cause were illegal and unconstitutional under the state and federal constitutions. In the meantime, on April 15, 2020, the Kentucky Senate confirmed ten of the eleven new board member appointments. 2020 Kentucky Senate Resolutions No. 307-17, Kentucky 2020 Regular Session. The district court then dismissed the case pursuant to Rules 12(b)(1) and 12(b)(6).

## II.

We review decisions granting motions to dismiss under Rule 12(b)(1) de novo. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017). Where "subject matter jurisdiction

is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Id.* (internal citations omitted). The court must "consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Id.* (internal citations omitted). In resolving factual disputes under Rule 12(b)(1) we need not presume either parties' factual allegations are true. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Whether the district court properly dismissed Plaintiffs' claims pursuant to Rule 12(b)(6) is a question of law, which we review de novo. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). We may affirm the district court's dismissal of a plaintiff's claims on any grounds, including grounds not relied upon by the district court. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

### III.

### A.

To have a claim that "arises under" federal law the claim cannot be "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quotations and citations omitted). Filing suit under 42 U.S.C. § 1983, Plaintiffs claimed Governor Beshear's EO violated their Fourteenth Amendment procedural due process rights. To establish a procedural due process claim under § 1983:

> [P]laintiffs must establish three elements: (1) that they have a *life, liberty, or property interest* protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the

state did not afford them adequate procedural rights prior to depriving them of their protected interest.

*Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (internal citations omitted) (emphasis added).

Property interests "are not created by the Constitution. Rather they are created and . . . defined by existing rules . . . that stem from an independent source such as state law . . ." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiffs have no "life, liberty, or property" interest in their prior BOE membership and Governor Beshear lawfully abolished the BOE as permitted under Kentucky law. KRS § 12.028 "allows the Governor to change the makeup and functions" of "organizational units and administrative bodies." *Commonwealth ex rel. Beshear v. Bevin*, 575 S.W.3d 674, 677-682 (Ky. 2019).[1] KRS § 12.028 is a grant of legislative authority to the executive department, allowing for the "abolish[ment] [of] existing boards and create[ion] [of] new ones" while the General Assembly is not in session. *Id.* at 682. The Supreme Court of Kentucky held that "[i]f the Governor's power includes the 'alteration or abolition of any organizational unit or administrative body,' that necessarily means that members of the specific board that the Governor has abolished may be removed from their positions." *Id.* at 678 (quoting Ky. Rev. Stat. § 12.028(1)).

If the General Assembly intended to exempt the Kentucky BOE "from reorganization under KRS § 12.028, it would have explicitly said so—KRS § 12.028 like other statutes, explicitly exempts certain organizational units and administrative bodies from reorganization." *Id.* at 677. The Governor, therefore, lawfully abolished the BOE while the General Assembly was not in session pursuant to his delegated authority under KRS § 12.028. Plaintiffs claim they had property interests in their official positions under KRS §§ 63.080(2)(b) and 156.029(2). These statutes

---

[1] Governor Beshear knew the law from that matter, as he lost that case as the Attorney General against the then Governor, Matthew Bevin.

provide that members shall not be removed from the BOE "except for cause." KRS §§ 63.080(2)(b), 156.029(2). However, KRS § 12.028 is easily reconciled with these statutes because the General Assembly, through KRS § 12.028, created an exception to this general "except for cause" rule. The Governor may abolish the BOE while the General Assembly is not in session, if he believes it will achieve "greater economy, efficiency, [or] improved administration." *See* KRS § 12.028.

Furthermore, the United States Supreme Court held that public officers do not have a property interest in their positions. *See Taylor v. Beckham*, 178 U.S. 548, 576 (1900). In *Taylor*, it refused to exercise jurisdiction over a case involving Kentucky political candidates stating that "[t]he view that public office is not property has generally been entertained in this country." *Id.* The Supreme Court noted that Kentucky's highest state court also held there was no Fourteenth Amendment claim in *Taylor* because the right to hold office is not a property right. *Id.* at 575. Plaintiffs, pursuant to KRS § 12.028 and the Kentucky Constitution, necessarily had no property interest between sessions of the General Assembly in their continued membership on the BOE. Therefore, they have not asserted a property interest in their continued membership on the BOE and have no procedural due process claim as a matter of law.

B.

Plaintiffs claimed violation of their Fourteenth Amendment substantive due process rights pursuant to 42 U.S.C. § 1983. The Supreme Court has held that "[t]he Due Process Clause guarantees more than fair process, and the 'liberty' it protects includes more than the absence of physical restraint." *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997) (internal citations omitted). The rights protected generally include fundamental rights under the Constitution such as "the rights to marry, to have children, to direct the education and upbringing of one's children,

to marital privacy, to use contraception, to bodily integrity, and to abortion." *Id.* at 720 (internal citations omitted). The Supreme Court is "reluctant to expand the concept of substantive due process because . . . [b]y extending constitutional protection to an asserted right or liberty interest, [it], to a great extent, place[s] the matter outside the arena of public debate and legislative action." *Id.* (internal citations and quotation marks omitted).

The Supreme Court has not included the right to maintain public employment as a substantive due process right specifically protected under the Fourteenth Amendment. *See Seal v. Morgan*, 229 F.3d 567, 574-75 (6th Cir. 2000). In *Sutton v. Cleveland Board of Education*, 958 F.2d 1339 (6th Cir. 1992), we held that a public employee cannot bring a substantive due process claim for improper discharge even if the employee could only be discharged for cause. *Id.* at 1351 ("[W]e are persuaded . . . that plaintiffs' statutory right to be discharged only for cause is not a fundamental interest protected by substantive due process."). This line of reasoning in *Sutton* naturally extends from public employees to political appointees. Therefore, Plaintiffs have not asserted a liberty interest in their continued membership on the BOE and have no substantive due process claim as a matter of law.

IV.

In *Beshear*, the Kentucky Supreme Court settled the issue of whether KRS § 12.028 violates Kentucky's constitutional separation of powers. 575 S.W.3d at 681-84. It held that "neither KRS § 12.028 nor [the EO] constitutes an unconstitutional delegation of legislative power." *Id.* at 684. The Kentucky Supreme Court stated that KRS § 12.028 is not facially invalid and "allows the Governor to change the makeup and functions of . . . boards" and even abolish boards and create new ones. *Id.* at 682. Any claim that the Governor exceeded his authority under KRS § 12.028 is nulled by the fact that ten of his eleven appointments have since been approved

by the General Assembly and therefore validated by the legislative branch. Any argument by Plaintiffs that KRS § 12.028 is facially invalid necessarily fails because it has been rejected by the Kentucky Supreme Court in *Beshear*. Therefore, neither the Governor's actions nor KRS § 12.028 violates the Kentucky Constitution.

In sum, we affirm the district court's grant of Appellees' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The district court did not have subject matter jurisdiction and Plaintiffs failed to state a claim upon which relief may be granted.

AFFIRMED.